**In the Matter of R. A. B., a minor.**

**No. 988.**

Court of Civil Appeals of Texas, Corpus Christi.

April 17, 1975.

See also Tex.Civ.App., 525 S.W.2d 892.

1. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950).

Phil Harris, Weslaco, for appellant.

Gordon Young, Edinburg, for appellee.

## OPINION

BISSETT, Justice.

R. A. B., a male juvenile who will be 17 years of age in August, 1975, hereinafter called "applicant", has applied to this Court for a personal bond, pending appeal from an order signed on March 27, 1975, which committed him to the care, custody and control of the Texas Youth Council. Notice of appeal from that order to this Court was duly given, and motion was made in the juvenile court that the court "set bail for him to remain free until his appeal is heard". The motion was denied on March 31, 1975. Applicant filed an application for bond in this Court on April 3, 1975, and a hearing was had thereon on April 10, 1975.

A statement of facts had not been filed at the time of the hearing. According to the transcript, which had been filed in this Court prior to the hearing, applicant, by order of the juvenile court rendered on July 30, 1974, was found to have engaged in delinquent conduct in that he: 1) committed two offenses of burglary in November, 1973; 2) committed theft on each of those occasions; and 3) was in possession of more than two ounces but less than four ounces of usable marijuana on March 24, 1974. He was put on probation for a period of one year, contingent upon his proper and lawful comportment, and subject to certain terms and conditions set out in the order.

The State, on December 9, 1974, filed a motion in the juvenile court denominated "Motion to Modify Disposition". It was alleged therein that on or about November

17, 1974, applicant "violated a penal law of the State of Texas punishable by imprisonment, namely, Section 4.05 of the Texas Controlled Substance Act, in that he did then and there knowingly possess a usable quantity of marijuana of more than four ounces". The juvenile court was asked to modify the disposition theretofore made of applicant, and to commit him "to the care and custody of the Texas Youth Council".

The court, following a hearing on the State's motion, found that applicant did, on or about November 17, 1974, violate a penal law of the State of Texas, as alleged. Probation which had been granted on July 30, 1974 was revoked, and applicant was committed to the care, custody and control of the Texas Youth Council, where he is presently detained. That order, signed on March 27, 1974, is now on appeal to this Court.

Applicant, at the hearing in this Court on his application, contended that under Article I, § 11 of our State Constitution, Vernon's Ann.St., he has a constitutionally guaranteed right to remain free on bond pending disposition of his appeal, because: 1) he was not accused during the period of his probation of any crime of violence; 2) a juvenile, who is no menace to society or to himself, should be allowed to remain at liberty on bond, pending an appeal. We disagree.

The Tex.Family Code Ann. Art. 56.01(g), V.T.C.A. (1974) provides:

"(g) An appeal does not suspend the order of the juvenile court, nor does it release the child from the custody of that court or of the person, institution, or agency to whose care the child is committed, unless the juvenile court so orders. However, the appellate court may provide for a personal bond."

With the exception of the substitution of a "personal" bond for a "recognizance" bond, the above quoted statute is, in substance, identical with the provisions contained in the former statute on the subject, Article 2338–1, Sec. 21, V.A.C.S.

The current statute vests in the juvenile court, and cumulatively in an appellate court, the discretion of allowing a juvenile to be released on bond pending an appeal, provided the juvenile court, or the appellate court, as the case may be, deems it wise to permit the juvenile to remain free of detention until final action is had on the appeal. *Espinosa v. Price,* 144 Tex. 121, 188 S.W.2d 576 (1945).

Where a juvenile has appealed from the order which committed him (or her) to the Texas Youth Council, a Court of Civil Appeals, upon the filing therein of an application for personal bond, acquires original jurisdiction to provide for such bond, pending disposition of the appeal of the order of commitment, even though the applicant did not apply first to the juvenile court. The appellate court's jurisdiction to grant bond exists independently of the denial of bond by the juvenile court. An appellate court is not limited to a review of discretion exercised by the juvenile court, but its discretion is cumulative of that of the juvenile court.

The burden was on the applicant to show this Court why he should be released on bond. He did not meet that burden. It is our opinion, based on the contents of the application, the transcript, and the statements made by counsel during oral argument, that bond should be denied. It is undisputed that applicant, less than four months after he was put on probation, allegedly committed a third degree felony. The transcript shows that applicant allegedly was in possession of 18 ounces of marijuana when he was apprehended on November 14, 1974. The juvenile court, after a hearing on the State's motion, found that applicant did commit a third degree felony during the term of his probationary period. The question of whether the evidence upon which applicant's probation was revoked was legally admissible is not before this Court at this time, and we express no opinion thereon. There has been no showing

that anyone is now in a position to control applicant during the pendency of his appeal. It is evident that his mother and father could not do so.

The reasons set out in the application to the effect that applicant is entitled to bond simply because he is not charged with the commission of a crime of violence and is not a menace to society or to himself are not, in themselves, sufficient to justify this Court in providing for the requested bond.

The application is denied.