944 S.W.2d 15 (1997)
In the Matter of J.V., a Juvenile.
No. 08-96-00390-CV.
Court of Appeals of Texas, El Paso.
January 30, 1997.
*16 Larry McMillion, Midland, for Appellant.
Mark H. Dettman, County Attorney, Midland, for Appellee.
Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

OPINION ON APPLICATION FOR RELEASE ON PERSONAL BOND PENDING APPEAL
McCLURE, Justice.
Presently pending before the Court is an application filed by J.V., a juvenile, requesting that a bond be set pending appeal pursuant to Tex.Fam.Code Ann. § 56.01(g)(Vernon 1996). The application is denied.
We abated this appeal to the trial court to conduct an evidentiary hearing with respect to J.V.'s application for bond. At our request, the trial court made written findings of fact, conclusions of law, and a recommendation with respect to J.V.'s request for a personal bond, which have been forwarded to this Court in a supplemental transcript.[1] We have also been provided with the statement of facts from the evidentiary hearing.
The record before us reflects that in December of 1995, J.V., a fifteen-year-old male, was found to have engaged in delinquent conduct by possessing less than two ounces of marihuana, and was placed on juvenile probation for a term of one year. Approximately six months later, the State filed a motion to modify disposition on the ground that J.V. had violated the terms of his probation by possessing a prohibited weapon, a switchblade knife, on school premises in violation of Section 46.03 of the Texas Penal Code. The trial court found that J.V. had engaged in delinquent conduct as alleged and that he was still in need of rehabilitation. The Court also found that placement of J.V. outside of his home was in the best interest of J.V. and the community. Consequently, the court extended J.V.'s probation for a term of one year, and as a term and condition of probation, committed J.V. to a post-adjudication program administered by the Rehabilitation and Corrections Corporation (RECOR) for six months. Subsequently, J.V. gave notice of appeal and filed an application in this Court seeking release on personal bond pending appeal.
Throughout his application, J.V. characterizes his commitment as a criminal incarceration or sentence. In this regard, J.V. is incorrect. With one exception, an order of adjudication or disposition in a proceeding under the Juvenile Justice Code is not a conviction of crime, and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment. TEX.FAM.CODE ANN. § 51.13(a)(Vernon *17 1996).[2] Consequently, constitutional and statutory provisions relating to bail in criminal cases are inapplicable. Espinosa v. Price, 144 Tex. 121, 188 S.W.2d 576 (1945). Instead, we must look to Section 56.01(g) of the Texas Family Code which governs the release of a juvenile on personal bond pending appeal:
An appeal does not suspend the order of the juvenile court, nor does it release the child from the custody of that court or of the person, institution, or agency to whose care the child is committed, unless the juvenile court so orders. However, the appellate court may provide for a personal bond.
TEX.FAM.CODE ANN. § 56.01(g)(Vernon 1996).[3]
This statute vests discretion in both the juvenile court and the appellate court to allow a juvenile to be released on bond pending an appeal. In re R.A.B., 525 S.W.2d 871, 873 (Tex.Civ.App.Corpus Christi 1975, no writ). The appellate court's jurisdiction to grant the juvenile a personal bond exists independently of the authority of the juvenile court. Id. at 873. The burden is on the juvenile to show that he should be released on bond. Id. Therefore, the only issue before us is whether J.V. has established that this Court should, in the exercise of its discretion, supersede the trial court's judgment and allow J.V. to be released on personal bond pending appeal. The merits of the appeal from the adjudication and disposition orders are not before us.
J.V. maintains in his application that he should be released on bond because: (1) he has significant family ties to Midland; (2) he has a good work record; (3) his prior juvenile record does not justify denial of bail; (4) J.V. and his parents have always cooperated with juvenile authorities; (5) there are no aggravating factors in this case; (6) the commitment is a hardship upon J.V., his parents, and employer; (7) J.V.'s normal schooling has been interrupted; and (8) release on bond would be in J.V.'s best interest. Many of the factors relied upon by J.V. would be appropriate for consideration if we were reviewing the exercise of discretion by the trial court in setting an appeal bond in an adult criminal case. See TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp.1997)(providing factors to consider in determining the amount of a defendant's bail); Ex parte Davila, 623 S.W.2d 408, 410 (Tex.Crim.App.1981)(the factors for fixing bail as provided in Article 17.15 remain viable after conviction; additionally, the court should consider the punishment assessed, the nature of the offense, the petitioner's work record, family ties, length of residency, ability to make the bond, and prior criminal record, as well as conformity with previous bond conditions and the existence of other outstanding bonds). There, a primary concern is with assuring the accused's appearance at subsequent proceedings. Because this is a juvenile case, however, our overriding concern must be the welfare and best interest of the child. See TEX.FAM.CODE ANN. § 51.01 (Vernon 1996)(purposes of the Juvenile Justice Code).
We will not dispute that J.V. has significant family ties in Midland or that he has a good work record. However, other considerations related to J.V.'s welfare seriously undermine the significance to be accorded these factors. The record reflects that J.V.'s circumstances steadily worsened during his original probationary term. During this time period, J.V. continued to smoke marihuana and abuse alcohol. Even though J.V. had previously made A's and B's in school, his recurrent truancy resulted in failing grades. *18 J.V. was eventually expelled from school just prior to his commitment to RECOR. Thus, it is unlikely that his commitment has interrupted his "normal schooling" as claimed. In addition to his problems with substance abuse and truancy, J.V. also committed numerous violations of the penal law. In May of 1996, J.V. committed a third-degree felony by entering school premises with a prohibited weapon. TEX.PENAL CODE ANN. § 46.03 (Vernon 1994). Between May and September of 1996, J.V. was arrested for retaliation, resisting arrest, escape, and violation of a court order. As an indication of his alcohol abuse, he was also arrested on three occasions for public intoxication.
The trial court found that the lack of structure in J.V.'s home and his family's resistance to rehabilitative efforts contributed to his downward spiral. J.V.'s juvenile probation officer, who had previously supervised the probation of two of J.V.'s brothers, testified that the juvenile's home is not supportive with respect to rehabilitative efforts. On the other hand, the RECOR program is providing J.V. with a structured environment, counseling, and an educational program based upon a regular public school curriculum. Class credits earned by J.V. at RECOR will be accepted by and transferred to the Midland Independent School District upon his return. We cannot ignore the evidence reflecting a marked improvement in J.V.'s overall circumstances since his commitment to the RECOR program. There is little or no evidence to show that it would benefit J.V. to return him to his home prior to his completion of the RECOR program. Based upon all of the evidence before us, we conclude that it is not in J.V.'s best interest to be released on bond pending appeal. Accordingly, the application is denied.
NOTES
[1] We commend the trial court for providing this Court with extensive and detailed findings. While those findings and the trial court's recommendation are not binding upon this Court, we will give them due deference.
[2] An adjudication under Section 54.03 that a child engaged in conduct that constitutes a felony offense resulting in commitment to the Texas Youth Commission under Section 54.04(d)(2), (d)(3), or (m) or 54.05(f) is a final felony conviction only for the purposes of Section 12.42(a)-(c) and (e), Penal Code. TEX.FAM.CODE ANN. § 51.13(d)(Vernon 1996).
[3] Similarly, Rule 47(g) of the Rules of Appellate Procedure provides: When the judgment is one involving the conservatorship or custody of a minor, the appeal, with or without security shall not have the effect of suspending the judgment as to the conservatorship or custody of the minor, unless it shall be so ordered by the court rendering the judgment. However, the appellate court, upon a proper showing, may permit the judgment to be superseded in that respect also. TEX. R.APP.P. 47(g).