**In re D.W.R.**

No. 04–98–00530–CV.

Court of Appeals of Texas, San Antonio.

April 7, 1999.

Stephen M. Orr, Viktor Olavson, Stephen M. Orr, Austin, for appellant.

Robert Covington, County Atty., Clark S. Butler, Asst. County Atty., Guadalupe County, Sequin, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

### NATURE OF THE CASE

D.W.R. has applied to this court for release on bond pending resolution of the State's petition of review before the Texas Supreme Court.

### PROCEDURAL BACKGROUND

On December 16, 1998, this court reversed the trial court's order denying habeas relief to D.W.R. and granted him the relief requested. This court dismissed the adjudication and remanded the cause to the trial court for further proceedings. The State filed a petition for review with the Texas Supreme Court. Pursuant to TEXAS FAMILY CODE § 56.01(g), D.W.R. ap-

plied to this court for release on bond pending resolution of the State's petition. This court remanded the cause on the motion for release on bond to the trial court to conduct an evidentiary hearing and make a recommendation to this court. The trial court conducted a hearing and forwarded to this court a recommendation that D.W.R. be released on bond under specific, strict conditions. The trial court also provided a supplemental record containing the transcript of the evidentiary hearing.

## DISCUSSION

■ D.W.R.'s application for release on bond raises unsettled issues. First, this court must determine whether the Family Code governs this matter, as D.W.R. is now 19 years old. Second, this court must determine what factors apply to determine whether bond should be granted. The State first contends that the Texas Family Code no longer applies to this case because D.W.R. is now 19 years old. The State contends that Section 51.02(2) of the Family Code, which defines "child" within the Juvenile Justice Code, removes jurisdiction of the juvenile court and application of the Family Code to this proceeding because D.W.R. is now an adult.

The Juvenile Justice Code within the Family Code confers to the juvenile court jurisdiction over proceedings involving delinquent conduct committed by a person who is a child at the time he engaged in the delinquent conduct. TEX. FAM.CODE ANN. § 51.04 (Vernon 1996). A "child" as defined in the Juvenile Justice Code is a person who is ten years old, but under 17 years old; or a person who is 17 years old, but under 18 years old who is "alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age." TEX. FAM.CODE ANN. § 51.02(2) (Vernon 1996). But the juvenile court

retains jurisdiction over a person, without regard to the age of the person, for conduct engaged in by the person before becoming 17 years of age if, as a result of an (appeal by the person under Chapter 56 of an order of the court, the order is reversed or modified and the case remanded to the court by the appellate court.)

TEX. FAM.CODE ANN. § 51.041 (Vernon 1996).

Section 51.041 dispels the State's argument that D.W.R. is not subject to the Juvenile Justice Code because he is no longer a "child" as defined within the Code. At the age of 16, D.W.R. engaged in the underlying delinquent conduct from which the habeas proceedings and this motion for release on bond arose. Upon appeal from the trial court's denial of habeas relief under Chapter 56, this court dismissed D.W.R.'s adjudication and remanded the case to the juvenile court. Accordingly, the juvenile court retains jurisdiction over D.W.R. regardless of his present age, and the Family Code still applies to all proceedings arising from the particular underlying conduct, including the determination whether to release D.W.R. on bond pending resolution of the habeas appeal. *See* TEX. FAM.CODE § 51.041.

D.W.R. applied for release on bond pursuant to TEX. FAM.CODE § 56.01(g), which provides:

An appeal does not suspend the order of the juvenile court, nor does it release the child from the custody of that court of the person, institution, or agency to whose care the child is committed, unless the juvenile court so orders. However, the appellate court may provide for a personal bond.

■ Section 56.01(g) vests discretion in both the trial court and the appellate court to grant release on bond. *See In re J.V.*, 944 S.W.2d 15, 17 (Tex.App.—El Paso 1997, no writ). This court's jurisdiction to grant the juvenile a personal bond exists independently of the authority of the juvenile court. *Id.* Because D.W.R. filed his motion for release on bond in this court, this court requested that the trial court conduct an evidentiary hearing on the matter and make a recommendation. While the trial court's findings and recommenda-

tion are not binding upon this court, we will give them due deference. *See id.* at 16 n. 1.

When applying for release on bond, "[t]he burden is on the juvenile to show that he should be released on bond." *See id.* at 17. Therefore, this court must determine whether D.W.R. met his burden to show that he should be released on bond and whether, in our discretion, we should follow the trial court's recommendation and allow D.W.R.'s release on bond. *See id.* Admittedly, Section 56.01(g) is silent as to what standards or factors this court should apply to guide its determination whether to grant D.W.R. a personal bond. The State urges this court to adopt the standards applied to adult criminal cases under Tex.Code Crim. P. art. 17.15 and 44.04 and interpretive case law. In adult criminal cases, the primary concern in the decision whether to grant bond is assuring the accused's appearance at subsequent proceedings. *See id.* However, in a juvenile proceeding, this court's overriding concern must be the welfare and best interest of the child. *See id.; see also* Tex. Fam.Code Ann. § 51.01 (Vernon 1996).

D.W.R. contends in his motion for release on bond that he should be released because he was not detained prior to his adjudication and disposition in the trial court and because this court dismissed his adjudication by granting habeas relief.

At the bond hearing, D.W.R.'s ex-stepmother, Carolyn Crawford, testified. Ms. Crawford stated that she had known D.W.R. since he was seven years old. Ms. Crawford stated that she kept in frequent contact with D.W.R., even after her divorce from his father and D.W.R.'s subsequent incarceration. Ms. Crawford stated that, under certain conditions, D.W.R. could live with her should he be released on bond. Ms. Crawford stated that D.W.R. would never be left alone, as she was home during most of the day, and D.W.R. would work with her during the evening hours. Ms. Crawford stated that she would make sure D.W.R. attended all

court dates, weekly counseling, and probation appointments. Ms. Crawford stated that she would not tolerate any violation of her rules or the court's conditions of D.W.R.'s release.

Ms. Crawford's testimony reveals that she will provide D.W.R. with a stable environment, she will remove him from his previous, disruptive home, she will provide the supervision and support needed for him to attend counseling and required court proceedings. Based upon all of the evidence presented at the hearing and the trial court's recommendation, we conclude that it is in D.W.R.'s best interest to be released on bond pending disposition of the State's petition for review. D.W.R.'s release on bond shall be subject to the following conditions:

1. D.W.R. is released to the custody of Carolyn Crawford, only, on an electronic monitoring system. D.W.R. must pay the fees associated with the electronic monitoring. If D.W.R. is no longer able to remain in Ms. Crawford's home, he shall be returned to the custody of the Texas Youth Commission pending disposition of the State's petition for review.

2. D.W.R. may not leave Ms. Crawford's home without the express permission of his probation officer.

3. D.W.R. may not visit the home located at 1312 Neans Drive, Austin, Texas. D.W.R. may not visit, converse, or associate with any family members not living with Ms. Crawford.

4. D.W.R. must abide by an 8 p.m. curfew, unless he is under Ms. Crawford's immediate supervision.

5. D.W.R. must report weekly to a probation/parole officer. D.W.R. must submit to a search of his person at the request of his probation officer. D.W.R. must allow his probation officer to visit the home of Ms. Crawford.

6. D.W.R. may not consume any alcohol, illegal substances, or drugs and must submit to weekly drug and urine test-

ing. If D.W.R. fails the weekly drug testing, he will be returned immediately to the custody of the Texas Youth Commission pending disposition of the State's petition for review.

7. D.W.R. must participate in weekly counseling with Dr. Moe Atwal at his own expense. If such counseling is unavailable, D.W.R. shall report to the court for designation of another counselor.

8. D.W.R. must notify his probation officer of any change of address. D.W.R. must obtain permission of his probation officer prior to any change of address.

9. D.W.R. may not carry any weapons.

10. D.W.R. may not drive a motor vehicle without proper license and insurance.

If D.W.R. violates any of these conditions of his release on bond, he must return immediately to the custody of the Texas Youth Commission pending resolution of the State's petition for review.

The specific details and monitoring of these conditions of release on bond shall be handled by the judge of the County Court at Law in Guadalupe County, Texas and the Guadalupe County Juvenile Probation Department, either directly or through transfer to, or supervision by, the Travis County Juvenile Probation Department.