MEMORANDUM OPINION


No. 04-04-00699-CV



IN RE J.G.


Original Proceeding (1)




Opinion by: Phylis J. Speedlin, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: December 22, 2004


APPLICATION FOR RELEASE DENIED


 Relator, J.G., a 13 year old juvenile, (2) was adjudicated delinquent for committing aggravated
sexual assault against a seven year old child, and received a determinate sentence under §53.045 of
the Texas Family Code. See Tex. Fam. Code Ann. §53.045 (Vernon 2002). J.G. was committed
to the custody of the Texas Youth Commission (TYC), with the possibility of transfer to the Texas
Department of Criminal Justice, Institutional Division, for a term of ten years and one day. On
October 1, 2004, J.G. filed an application in this court for release on personal bond pending
resolution of his appeal of the trial court's judgment of adjudication and determinate sentence. See
Tex. Fam. Code Ann. § 56.01(g) (Vernon 2002). The State of Texas filed a response on October
12, 2004, requesting that the application for bond be remanded to the trial court for a hearing. On
October 18, 2004, this court remanded the application for release to the trial court, and ordered it to
conduct an evidentiary hearing and make a recommendation on the matter. Tex. R. App. P. 52.8(b).
On November 19, 2004, a clerk's record containing the trial court's findings of fact and conclusions
of law, and the court's recommendation on the application, was filed in this court along with a
transcript of the hearing.

 This court has independently considered J.G.'s application for release, the hearing transcript
and exhibits, and the trial court's recommendation and findings of fact and conclusions of law. In re
D.W.R., 990 S.W.2d 446, 449 (Tex. App.--San Antonio 1999, orig. proceeding) (appellate court's
jurisdiction to grant juvenile a personal bond exists independently of juvenile court's authority under
§ 56.01(g) of Texas Family Code). Having considered the entire record, this court is of the opinion
that release should be denied. J.G. has failed to carry his burden to show that his release from
commitment at TYC is in his best interest. See id. at 449 (burden is on juvenile to show he should
be released on bond). Our primary concern when deciding whether to grant bond in a juvenile
proceeding is the welfare and best interest of the juvenile. Id.; see also In the Matter of J.V., 944
S.W.2d 15, 17 (Tex. App.--El Paso 1997, orig. proceeding).

 J.G. asserts in his application that he should be released from TYC because he has no prior
juvenile record, he has strong family support, it is a financial and emotional strain on the family to
travel five hours to visit him, and he successfully complied with the terms of his prior release pending
his adjudication. J.G.'s caseworker at TYC testified at the bond hearing that his academic
performance and behavior at TYC are very good and are rated a "4," which is the highest category
rating. She also testified, however, that J.G.'s correctional behavior is "poor" because he is not
adequately participating in the daily counseling sessions and has not admitted the conduct underlying
his offense; his performance rating in this area is a "1," the second lowest category. She stated that
he has not yet received the treatment he needs to avoid committing another sexual offense. His
caseworker further testified that his mother visits every week for the maximum allowed time period.

 J.G.'s mother testified that the five hour drive to visit J.G. every week is a financial and
emotional strain. She admitted that she has discouraged him from "telling his life story" to the TYC
counselor "until he is ready." She also testified that, to her knowledge, he is not receiving his asthma
medication, has a loose crown on one tooth that needs to be repaired, and has been exposed to
tuberculosis for which he is receiving medication. J.G.'s mother also testified that she is available
twenty-four hours a day to supervise him and that arrangements have been made with a sex offender-certified psychiatrist to provide him treatment if he is allowed to return home; there was no testimony,
however, as to how often J.G. would receive counseling. J.G.'s step-father and other family members
testified they would be available to assist his mother in providing J.G. with continual supervision.
Finally, there was evidence that J.G. complied with all conditions of his prior release, which included
electronic monitoring and house arrest. In its written findings, the trial court recommended that
J.G.'s request for release be denied. The trial court's findings and recommendation are not binding
on this court, but we give them due deference. In re D.W.R., 990 S.W.2d at 448-49.


 While we acknowledge and empathize with the concerns and fears of J.G.'s parents, we
conclude that, based on all the evidence presented at the hearing, it is not in J.G.'s best interest to be
released on bond pending disposition of his appeal. The benefits that he is receiving at TYC in the
form of daily counseling with peer interaction and a full academic classroom experience will not be
available to him if he is released. There was evidence presented at the hearing that J.G.'s offense
conduct is well known throughout the community. If J.G. was released to his home community, he
would be isolated from the other school children and placed in an alternative education program at
the same school that the complainant attends. (3) He would not have daily access to counselors and
rehabilitative therapy as he does at TYC. The benefits that J.G. is receiving at TYC outweigh the
detriments of his continued commitment. Accordingly, the application for release on personal bond
is denied. Tex. R. App. P. 52.8(a). Relator shall pay all costs incurred in this proceeding.


 Phylis J. Speedlin, Justice


1. This original proceeding arises out of Cause No. M-04-00002-JV, styled In the Matter of J.G.,filed in
the 343rd Judicial District Court of McMullen County, Texas, the Honorable Janna K. Whatley presiding.
2. J.G. was 12 years old at the time of the underlying delinquent conduct.
3. J.G.'s aunt and uncle testified they would be willing to provide J.G. with an alternative home in a
different community, but there was no evidence of the type of school or counseling arrangements that would attend
that environment.