NO. 07-08-0345-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 18, 2008



______________________________





IN THE MATTER OF A.W.B., A CHILD



_________________________________



FROM THE 64th DISTRICT COURT OF HALE COUNTY;



NO. A 2322-0709; HON. ROBERT W. KINKAID, JR., PRESIDING



_______________________________



Before CAMPBELL, HANCOCK and PIRTLE, JJ.
OPINION ON MOTION FOR PERSONAL BOND
Â Â Â Â Â Â Â Â Â Â Appellant, A.W.B., has filed a motion for personal bond requesting that a bond be
set pending appeal pursuant to Texas Family Code section 56.01(g). The motion is
denied.
Â Â Â Â Â Â Â Â Â Â The record before us reflects that A.W.B. was found to have engaged in delinquent
conduct by committing aggravated sexual assault on a child, sexual assault on a child, and
indecency with a child. The trial court found that it would be in A.W.B.âs best interest to be
placed outside of the home and committed him to the care, custody, and control of the
Texas Youth Commission. The trial court further found that commitment was appropriate
because (1) the seriousness of the offenses require that A.W.B. be placed in a restrictive
environment to protect the public, (2) A.W.B. has a history of aggressive behavior, (3)
A.W.B. has a history of persistent delinquent behavior, and (4) local resources are
inadequate to properly rehabilitate A.W.B.
Â Â Â Â Â Â Â Â Â Â In his motion, A.W.B. contends that, at the disposition hearing, evidence was
adduced that A.W.B. had no prior juvenile referrals, had complied with all of the conditions
of release during the seven months preceding his hearing, was considered a low risk for
committing additional crimes, and had the support and supervision of his parent and
grandparents. In addition, the probation officer assigned to A.W.B.âs case recommended
probation at the disposition hearing. Finally, A.W.B. suffers from Aspergerâs Disorder and
the Texas Youth Commission cannot provide appropriate care for his disorder. Because
of this condition, A.W.B. contends he has been targeted by bullies at the Texas Youth
Commission and is in fear for his safety.
Â Â Â Â Â Â Â Â Â Â Texas Family Code section 56.01(g) vests this Court with discretion to allow a
juvenile to be released on bond pending an appeal. Tex. Fam. Code Ann. Â§ 56.01(g)
(Vernon 2002); In re J.V., 944 S.W.2d 15, 17 (Tex.App.âEl Paso 1997, no writ). However,
the burden is on the juvenile to show that he should be released on bond. In re J.V., 944
S.W.2d at 17. Thus, the only issue before us is whether A.W.B. has established that this
Court should exercise its discretion to supersede the trial courtâs judgment and allow
A.W.B. to be released on personal bond pending appeal. The merits of the adjudication
and disposition orders are not before us.
Â Â Â Â Â Â Â Â Â Â The grounds for a personal bond presented by A.W.B. in his motion are primarily
the same grounds that were presented to the trial court at the disposition hearing. The
record reflects that the trial court was aware of A.W.B.âs Aspergerâs Disorder as well as his
compliance with the conditions of release preceding the disposition hearing. The trial court
also heard the testimony of the probation officer assigned to this case and his
recommendation that A.W.B. be placed on probation. However, the trial court concluded
that the appropriate disposition would be to commit A.W.B. to the care, custody, and
control of the Texas Youth Commission. We do not believe that these grounds are
sufficient to establish that A.W.B. should be released on bond pending appeal.
Â Â Â Â Â Â Â Â Â Â The only additional information presented by A.W.B. to satisfy his burden of showing
that he should be released on a personal bond pending appeal is that he has been
threatened and targeted by bullies while in the care, custody, and control of the Texas
Youth Commission. However, a review of the testimony presented at the motion for new
trial hearing reveals that the staff at the Texas Youth Commission have taken appropriate
steps when they have been informed of any issues relating to the way that other juveniles
are treating A.W.B. On the only occasion in which staff was informed of a problem, A.W.B.
was placed in protective custody. However, A.W.B. testified that he has not informed staff
members of other problems or issues that he has encountered.
Â Â Â Â Â Â Â Â Â Â While this Court is aware that commitment with the Texas Youth Commission may
not be ideal for A.W.B., we conclude that A.W.B. has failed to meet his burden of showing
sufficient reason why we should supersede the judgment of the trial court and release
A.W.B. on personal bond pending appeal. Id. at 17. Therefore, we deny A.W.B.âs motion.

Â 
Per Curiam




y="73" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0307-CR

Â 

IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL E

Â 



MAY
24, 2011

Â 



Â 

CARLOS ADRIAN ADAME,  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant


v.

Â 

THE STATE OF TEXAS,Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

_____________________________

Â 

FROM THE 31ST DISTRICT COURT OF LIPSCOMB
COUNTY;

Â 

NO. 1166; HONORABLE STEVEN RAY EMMERT,
PRESIDING

Â 



Â 

Memorandum
Opinion

Â 



Â 

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Â Â Â Â Â Â Â Â Â Â Â  Appellant
Carlos Adrian Adame pled guilty in 2007 to the offense of aggravated assault
and was sentenced to ten years imprisonment.Â 
That sentence was probated for five years.Â  In 2009, the State sought to revoke appellantÂs
probation.Â  After a hearing, the trial
court found that appellant had violated his probation and sentenced him to ten
years.Â  Appellant appealed, contending 1)
he received ineffective assistance of counsel during the probation revocation
proceeding, 2) the trial court erred in ruling that any inquiries into the
tendencies of the trial court were irrelevant, 3) the trial court erred in sua sponte stating that various types of
evidence would be inadmissible, 4) he was denied due process because the trial
court failed to convene a separate hearing on punishment after granting the
motion to revoke, and 5) the cumulative impact of the errors requires reversal.Â  We affirm the judgment. 

Â Â Â Â Â Â Â Â Â Â Â  Ineffective Assistance of Counsel

Â Â Â Â Â Â Â Â Â Â Â  One claiming that his counsel
provided ineffective assistance must prove both a deficiency in performance and
prejudice arising from that deficiency; prejudice is established by
illustrating that but for the deficiency, there is a reasonable probability the
result would have differed.Â  Perez v. State, 310 S.W.3d 890, 892-93
(Tex. Crim. App. 2010).Â  We overrule the
claims of ineffective assistance asserted here for the following reasons.

Â Â Â Â Â Â Â Â Â Â Â  First, with
regard to the allegations about the extent of counselÂs investigation into
potential avenues of defense, appellant simply concluded that the deficiencies
caused him prejudice.Â  He did not explain
why.Â  Had the State appeared at the
hearing on the motion to revoke and done nothing other than say appellant
violated the conditions of his probation, appellant would have no doubt argued
that it failed to carry its burden of proof, and he would have been
correct.Â  The State does not meet its
burden of proof simply by saying that appellant did X, Y, or Z.Â  The same is true of an appellant who attacks
the effectiveness of his attorney.Â  He
has to show why the supposed errors harmed him, and merely saying that what they
did is not enough.Â  Â 

Â Â Â Â Â Â Â Â Â Â Â  Second, and
to the extent that the appellant questions his counselÂs supposed failure to investigate
the Âreputation and tendencies of the presiding judge in revocation hearings,Â
we find no evidence of record that such occurred.Â  Curtis Brancheau (the attorney appointed to
represent appellant at the revocation hearing) was never asked if he knew about
the trial judgeÂs supposed reputation or investigated that matter.Â  Instead, appellant merely asked whether he had
spoken with a ÂMr. HolmesÂ about Âwhat usually happens in probation
revocations.ÂÂ  Brancheau did not answer
due to the court sustaining the StateÂs objection founded on relevance. Â Thus, we do not know if Brancheau investigated
the topic or not.Â  Nor do we know if Brancheau
had already developed his own beliefs about the trial courtÂs sentencing
traits.Â  If he had, then there would have
been little need to investigate, assuming, of course, that knowing of the trial
courtÂs predelictions was elemental to being an effective advocate. 

Third, and to the extent that appellant
complains of his counselÂs supposed failure to 1) investigate the existence of or
offer any mitigating evidence and 2) present argument on his behalf at the
probation revocation hearing, appellant neglected to illustrate the tenor of
the mitigating evidence or argument that should have been provided.Â  This is of import because implicit in
establishing that counsel was ineffective due to omission is describing what
should have been done and how it would have benefitted him.Â  This is true with regard to purported
witnesses who were not called.Â  Perez v. State, 310 S.W.3d at 894 (stating
that to establish that counsel was fatally deficient because he did not
investigate and call witnesses obligates the complainant to show not only that
witnesses were available to testify but also that their testimony would have
benefitted the defendant); see also Rivera
v. State, 317 S.W.3d 480, 483 (Tex. App. ÂAmarillo 2010, no pet.) (stating
that to show how particular witnesses would have benefitted the accused, one must
develop the nature of the testimony which should have been tendered).Â  And, it logically follows that the same is
true viz the supposed failure to
proffer certain arguments; after all, the court should be informed of what
those arguments are before it can assess whether a reasonable attorney was
obligated to utter them.Â  Given
appellantÂs failure to do that required of him, we can only conclude that his
efforts fell short of meeting his burden of proof.Â  

Nonetheless, we note that Brancheau did
elicit testimony at the revocation hearing about appellant attending a number
of classes, including those involving stress management.Â  So too was there evidence that counsel wrote
appellant at least two letters, met with him in jail twice, and spoke with
appellantÂs wife on multiple occasions about the revocation proceeding.Â  Â Brancheau
also asked appellant to memorialize for him the information and circumstances
appellant thought would assist in his defense; yet, appellant did not do that.Â  Counsel also objected to the State amending
the motion to revoke just prior to the hearing, made a number of objections to
evidence at the revocation hearing, and sought to voir dire witnesses at the
same hearing.Â  Given appellantÂs
rejection of the StateÂs plea offer of seven years and the StateÂs refusal to
proffer any others, counsel also testified that he felt his best strategy was
to require the State to fulfill its burden to prove the allegations in its
motion to revoke.Â  This was considered to
be a viable strategy because the pertinent witnesses were in El Paso, a site far
from where the hearing was to be held, and would cause the State to make a
bettter plea offer.[2]
Â Thus, counsel did not merely sit idle as
appellant would want us to believe.

Â Â Â Â Â Â Â Â Â Â Â  Fourth, as
for the allegation that counsel was deficient in failing to explain that
appellant could receive the maximum prison sentence if no plea bargain was
reached, appellant never testified that he would have accepted the seven-year
offer but for the omission.Â  Nor did he
testify that he would have modified his previous views toward accepting only a
plea offer of two or three years.Â  Moreover,
appellant told the trial judge and prosecutor that his complaint was not with
the length of his sentence, but rather with his attorneyÂs conduct.Â  Given this comment and absence of pertinent
evidence, we are hard pressed to conclude that the omission had any prejudicial
effect.Â  Â Â Â Â  Â 

Â Â Â Â Â Â Â Â Â Â Â  Admission of Evidence Regarding Tendencies
of Trial Judge

Â Â Â Â Â Â Â Â Â Â Â  Next, it is
asserted that the trial court erred Âin ruling that appellantÂs questions regarding
trial counselÂs investigation of tendencies of [the] trial judge was not
relevant, thereby preventing [him] from properly presenting testimony that was
necessary . . . .Â Â Â This circumstance
occurred during the hearing on the motion for new trial and after Brancheau was
askedÂ  whether he Âdiscussed with Mr.
Holmes what usually happens in probation revocations[.]Â[3]Â  The State objected to the question on the
basis of relevance.Â  In response to that
objection, appellant argued that Âit shows whether or not Mr. Brancheau was
prepared to --- to litigate in behalf of this Defendant.ÂÂ  He added that Â[o]ne should not go before a
Court without knowing what the tendency of the Court isÂ and Âthis Court, in
particular almost always revokes and almost always maxes out the
Defendant.ÂÂ  We overrule the issue for
several reasons.

Â Â Â Â Â Â Â Â Â Â Â  First, the
ground underlying appellantÂs complaint on appeal differs from that asserted
below.Â  That is, appellant argued before
us that the trial court should have allowed appellant to generally develop
information about the tendencies and reputation of the trial court viz motions to revoke.Â  Before the trial court, however, he asserted that
he was entitled to ask the question to determine the extent of BrancheauÂs preparation for trial by
assessing whether Brancheau
personally knew of the trial courtÂs tendencies or reputation.Â  These two arguments have differing focal
points.Â  The former concerns the ability
to garner evidence about actual propensities or bias of a trial judge while the
latter involves what Brancheau may or may not have known about a trial judgeÂs
bias or reputation irrespective of its accuracy.Â  And, it was appellantÂs supposed ability to
develop what Brancheau personally knew about the trial judge (and how that
affected, if it did, his advice) that formed the basis of the complaint below,
not his supposed ability to garner actual evidence of the judgeÂs
propensities.Â  So, the grounds underlying
appellantÂs complaint below and here do not comport, and, therefore, the
contention proffered at bar went unpreserved.Â 
Heidelberg v. State, 144
S.W.3d 535, 537 (Tex. Crim. App. 2004) (stating that the grounds underlying an
objection uttered below must comport with those raised on appeal).

Â Â Â Â Â Â Â Â Â Â Â  Second, the
State objected to the relevance of a question asking whether Brancheau spoke
with Holmes about a particular topic.Â  It
did not object to appellantÂs ability to illustrate that trial counsel failed
to adequately prepare for trial by supposedly being ignorant of the judgeÂs
alleged characteristics.Â  Moreover, the
court sustained the particular objection uttered.Â  It did not bar appellant from generally
delving into 1) what Brancheau may or may not have thought or known about the
trial court, and 2) how that information, or lack thereof, affected the nature
of the advice imparted to his client.Â 
Thus, we see no harm or prejudice arising from the decision irrespective
of its accuracy.Â  Appellant remained free
to develop what his attorney may or may not have thought about the trial judge
and the impact, if any, those beliefs may have had on his advice.Â  Â Â Â 

Â Â Â Â Â Â Â Â Â Â Â  Sua Sponte Objection to Admission of
Evidence

Â Â Â Â Â Â Â Â Â Â Â  Appellant also suggests that the
trial court erred when it sua sponte
ruled that certain mitigating evidence was inadmissible.Â  The evidence in question encompassed
potential letters from friends and family as well as comments made to appellant
by his wife concerning her actions.Â  We
overrule the issue because appellant failed to cite authority or proffer argument
illustrating that such evidence was admissible.Â 
In other words, the issue was inadequately briefed, and, therefore,
waived.Â  Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996)
(stating that an issue is waived when supported by neither citation to
authority or substantive argument).Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Punishment Hearing

Â Â Â Â Â Â Â Â Â Â Â  Â Next, appellant contends the trial court erred
in denying him a separate punishment hearing after granting the StateÂs motion
to revoke.Â  We overrule the issue because
it was not raised below either through contemporaneous objection or motion for
new trial.Â  The failure to so raise the
matter waived the complaint for appellate purposes.Â  Harris
v. State, 160 S.W.3d 621, 626-27 (Tex. App.ÂWaco 2005, pet. dismÂd) (so
holding); Cochran v. State, 78 S.W.3d
20, 26 (Tex. App.ÂTyler 2002, no pet.) (holding the same).

Â Â Â Â Â Â Â Â Â Â Â  Cumulative Impact

Â Â Â Â Â Â Â Â Â Â Â  Having found no reversible error with
respect to appellantÂs other issues, there is also no cumulative error
requiring reversal.Â  We overrule
appellantÂs last issue.

Â 

Accordingly, the trial courtÂs judgment is
affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam 

Â 

Do
not publish.











[1]John
T. Boyd, Senior Justice retired, sitting by assignment.





[2]AppellantÂs
probation had been transferred to El Paso.Â 






[3]Appellant
fails to cite us to anything of record indicating who this ÂMr. HolmesÂ was.